## W. E. JACKSON ET AL. v. W. S. ROLLINS.

Decided May 14, 1910.

**Trial—Uncontroverted Evidence—Submitting as Issue.**

In an action upon a promissory note the parties sued alleged that they were sureties only; that the plaintiff, the payee in the note, knew that fact; and that they were released from liability by reason of a binding agreement by the plaintiff with the principal in the note, without knowledge or consent of defendants, to extend the time of payment for one year. The evidence established beyond controversy that defendants were sureties; that plaintiff knew that fact, and that they did not consent to an extension of time; the evidence as to whether or not there had been such an extension granted to the principal as would release the sureties, was conflicting. The court submitted to the jury as issuable facts the uncontroverted facts above stated. Held, the verdict being for the plaintiff, the submission of said facts as issues was reversible error.

Appeal from the County Court of Liberty County. Tried below before Hon. J. B. Simmons.

*Marshall & Marshall*, for appellant.

*F. M. Stevens,* for appellee.

REESE, ASSOCIATE JUSTICE.—W. S. Rollins brings this suit against W. E. Jackson and J. W. Donahoe in the County Court, to recover the amount due on a promissory note for $200, with interest and attorney's fees, executed by J. Litel and said Jackson and Donahoe.

Defendants pleaded that they were sureties for Litel on the note. which fact was known to plaintiff, and that he had without their knowledge or consent, entered into a binding agreement with said Litel, the principal, to extend the time of payment of the note for one year, and that they were thereby discharged.

The case was tried with the assistance of a jury, resulting in a verdict and judgment for plaintiff, from which defendants appeal.

The evidence was sufficient to authorize the prosecution of the suit against the defendant's sureties without joining the principal, under the provisions of the statute. (Art. 1204, Rev. Stats.).

The uncontroverted evidence established that appellants were sureties on the note and that appellee knew this fact, and also that they did not consent to the extension. It is true that appellee stated in his testimony that he did not know that they were sureties, but his own testimony specifically and flatly contradicts this statement. As to the origin of the note he testified in substance, that one, Dr. Hubert, owed him $200 and that Litel owed Hubert the same amount; that Hubert proposed to him to get Litel's note to appellee in satisfaction of his, Hubert's, debt to appellee, to which appellee agreed if he would get two good men on the note. When the note was first brought to appellee it had only the name of Litel and Jackson on it. Appellee required that Hubert get another name on it, and then Donahoe's name was secured, which appellee accepted. He knew, according to his own testimony, that the note represented Litel's debt to Dr. Hubert, and the circumstances as detailed by him, were such as to fix beyond question knowledge upon him that appellants were sureties. Under the facts testified by him, he should not be heard to say that he did not know that appellants were sureties on the note.

In his charge to the jury the court submitted to them, as issuable facts, both the fact that appellants were sureties and that appellee had knowledge thereof, and whether they consented to the extension. The charge authorized the jury to find for plaintiff if the extension was granted, if they found that appellants were not sureties, or were not regarded by appellee as such, or if they consented to the extension. This was error, and, under the facts of this case, such prejudicial error as to require a reversal of the judgment. The evidence as to whether or not there had been such extension granted to the principal as would release the sureties, was conflicting, and was of such a character as would have authorized a finding that there had been such extension. In such case, we can not say that it is even improbable that the jury based their verdict upon the fact, either that appellants were not sureties, or that appellee did not know that they were, or that appellants consented to the extension, which issues, under the charge of the court, were submitted to them, and none of which was an issue of fact proper for their consideration under the undisputed evidence.

It might be urged that this error was harmless if the evidence was of such a character that it was not reasonable to suppose that the jury found that the extension claimed by appellants had been granted, but the record does not present such a case, but quite the contrary. The assignments of error presenting these questions are well taken and must be sustained.

We have examined the other assignments of error and the various propositions thereunder, and are of the opinion that none of them presents ground for reversal. For the error indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*